```
          IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF KANSAS
```

**GEORGE FRED LIEN,**

              **Plaintiff,**

       **v.**                        **CASE NO. 09-3193-SAC**

**MICHAEL J. MURPHY,**
**Warden, Wyoming State**
**Prison, et al.,**

              **Defendants.**

<u>**MEMORANDUM AND ORDER**</u>

This action was filed as a civil rights complaint, 42 U.S.C. § 1983, by an inmate of the Wyoming State Prison. Having examined the materials filed, the court finds as follows.

<u>**APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES**</u>

Mr. Lien has filed a motion to proceed without prepayment of fees (Doc. 2). 28 U.S.C. § 1915 requires that a prisoner seeking to bring a civil action without prepayment of fees submit an affidavit described in subsection (a)(1), and a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing" of the action "obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. 1915(a)(2). Mr. Lien has submitted an affidavit, but has not provided a copy of his institutional account for the requisite time period. This action may not proceed until he has provided this documentation required by

statute to support his motion under Section 1915(a)[1].

**SCREENING**

Because Mr. Lien is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief.  28 U.S.C. § 1915A(a) and (b).

**LEGAL STANDARDS**

In order for a federal court to exercise personal jurisdiction over a nonresident defendant, the "defendant must have 'minimum contacts' with the forum State."  Pro Axess, Inc., v. Orlux Distribution, Inc., 428 F.3d 1270, 1276 (10th Cir. 2005); Federated Rural Elec. Ins. Corp. v. Kootenai Elec. Coop., 17 F.3d 1302, 1304-05 (10th Cir. 1994).  28 U.S.C. § 1391(b), the general venue provision for federal civil claims, provides that such an action may be brought only in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Section 1391(a) pertinently provides:

---

[1] If this action proceeds as a § 1983 complaint, the district court filing fee is $350.00.  If an Amended § 2241 Petition is filed and this action proceeds only as a habeas corpus petition, the filing fee is $5.00.  Pursuant to 28 U.S.C. §1915(b)(1), a litigant remains obligated to pay the full district court filing fee in an action filed by him.  Being granted leave to proceed in forma pauperis merely entitles him to pay the filing fee over time through payments automatically deducted from his inmate trust fund account as authorized by 28 U.S.C. §1915(b)(2).

>   (a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

Id.

An inmate challenging a detainer has been held, for habeas corpus purposes, to be in the "custody" of the State that placed the detainer as well as the confining State. See Rumsfeld v. Padilla, 542 U.S. 426, 438 (2004)(citing Braden, 410 U.S. at 488-89); Montez v. McKinna, 208 F.3d 862, 867 FN6 (10th Cir. 2000)(citing Ball v. Scott, 1994 WL 562023, *1 (10th Cir. Oct. 13, 1994)(other citations omitted)). An inmate cannot pursue release from custody in a § 1983 action. Instead, a claim that custody is illegal may only be raised in a petition for writ of habeas corpus. Preiser v. Rodriquez, 411 U.S. 475 (1973). "[W]hen a habeas petitioner challenges a detainer lodged by a state agency, that challenge is directed exclusively at the validity of the detainer itself." Montez, 208 F.3d at 867, FN6 (citing Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 at 498-99 (1973)). The proper respondent in a habeas action challenging a state detainer is the state official who lodged the detainer. Braden, 410 U.S. at 494-95; See Rumsfeld, 542 U.S. at 438. It has long been held that when a "'prisoner has violated the law of both sovereigns, he is subject to prosecution by both and he may not complain of or choose the manner or order in which each sovereign proceeds against him.'" Hall v. Looney, 256 F.2d 59, 60

(10th Cir. 1958)(quoting Hayward v. Looney, 246 F.2d 56, 57 (10th Cir.1957)).

A petitioner challenging a state detainer that has failed to adequately pursue his claims in the Kansas state courts, has failed to exhaust his state court remedies. See generally Wilson v. Jones, 430 F.3d 1113, 1117 (10th Cir. 2005)(Absent a demonstration of futility, a habeas petitioner seeking relief under 28 U.S.C. § 2241 is required to first exhaust available state remedies.). "A state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). Generally, the exhaustion prerequisite is not satisfied unless all claims asserted have been presented by "invoking one complete round of the State's established appellate review process." Id. at 845. In this district, it has been held that the claims must have been "properly presented" as federal constitutional issues "to the highest state court, either by direct review of the conviction or in a post-conviction attack." Dever v. Kansas State Penitentiary, 36 F.3d 1531, 1534 (10th Cir. 1994). This means Lien must have presented his claims in the state district court; if relief is or was denied by that court he must appeal to the Kansas Court of Appeals; and if that court denies relief he must file a Petition for Review by the Kansas Supreme Court. In order to challenge state criminal charges themselves, the prisoner must likewise exhaust his remedies in state court to secure a speedy trial or to reverse any conviction tainted by the passage of an unreasonable delay, before the prisoner may bring such claims in federal district court.

4

**ACTS AND OMISSIONS BY DEFENDANTS IN OTHER STATES**

Plaintiff's claims are not clearly stated in the complaint. He complains of conditions, transfers, classification decisions, and disciplinary actions that allegedly occurred in other venues while he was in the custody of the State of Wyoming. This court is not shown to have personal jurisdiction over those persons alleged to have violated plaintiff's constitutional rights during his confinement in other States. He sues many defendants who do not reside in this judicial district, he is not a Kansas resident, and he states no other facts showing this court has jurisdiction over prison officials in either Oklahoma or Wyoming[2]. The persons who participated in the conditions and events allegedly occurring in other States are not shown to have "sufficient contacts" within this judicial district[3]. Plaintiff will be given time to show cause why his claims regarding actions and inactions in Oklahoma and Wyoming should not be dismissed for lack of jurisdiction and improper venue. The dismissal of these conditions claims would be without prejudice to his filing complaints raising these claims in other judicial districts where the particular defendants reside or in any other proper venue.

Plaintiff's conclusory allegations that officials in other

---

[2]   Plaintiff's bald allegations that defendants were involved in a scam or conspiracy with Geary County authorities are completely conclusory and as such are not sufficient to establish that this court has jurisdiction over the out-of-state prison officials.

[3]   The court finds it would not serve the interests of justice to attempt to transfer these jumbled, poorly-pleaded matters to other judicial districts. Plaintiff has improperly joined claims from different districts, makes mainly conclusory allegations, and generally fails to describe personal participation in constitutional violations by properly named defendants. He also fails to provide sufficient facts, including dates and locations. He is advised to obtain court-provided forms from the courts in the appropriate districts and to carefully follow any directions on those forms.

States have been aware of his detainer "problem" and impeded his efforts to challenge the Kansas detainer are not grounds establishing the invalidity of the detainers. At most, they are claims against those individuals that must be litigated in a court having personal jurisdiction and proper venue.

Plaintiff's claim for damages against his appointed attorney who represented him in Kansas criminal proceedings[4] fails to state a cognizable claim under § 1983 for the reason that counsel appointed in a criminal case does not "act under color of state law." An action for malpractice must be filed in state court. For the foregoing reasons, the court finds that all plaintiff's claims other than his challenges to the validity of Kansas detainer(s) are subject to dismissal without prejudice[5].

Plaintiff's request for this court to issue an injunction to stop all funding and aid to the Wyoming Department of Corrections is completely frivolous, and is denied[6].

---

[4] If plaintiff is claiming that he was denied effective assistance of counsel in criminal proceedings, he must raise such a claim in a habeas corpus petition filed pursuant to 28 U.S.C. § 2254, after he has fully exhausted state judicial remedies.

[5] Plaintiff has filed a pleading entitled "amendment adding defendant". The clerk was instructed to file this as a Motion to Amend, rather than an Amended Complaint. Plaintiff may amend his complaint once as of right. Had this pleading been filed as his Amended Complaint, the only claims and defendant in this case would now be those in this pleading. In order to properly add a defendant and/or claims that were not raised in the original complaint, a plaintiff must file a complete "Amended Complaint". See Fed.R.Civ.P. Rule 15. An Amended Complaint supercedes the original complaint, and therefore must contain all claims and defendants the plaintiff intends to pursue in the action including any from the original complaint. Claims and defendants not included in the Amended Complaint are considered dismissed. Thus, plaintiff may not add claims to his original complaint by simply filing a paper that contains only the new defendant or claims he seeks to add. The court will grant this "motion," but presumes plaintiff did not intend to limit his claims to what is presented in this pleading. However, any future amendment must be by motion with a complete amended complaint attached.

[6] To request appointment of counsel, plaintiff must file a proper motion showing he has made attempts to obtain counsel without success, that appointment of counsel is necessary in this case, and he does not have the financial means to hire counsel. He does not have a right to appointed counsel in a civil action.

6

**DETAINER CLAIMS**

It appears from the complaint and attachments, that Mr. Lien is attempting to attack one, possibly two, state detainers that may have been lodged against him by the State of Kansas while he is serving an unrelated sentence in the State of Wyoming. A challenge to a detainer lodged by the State of Kansas may properly be filed in this court. However, filing a § 1983 complaint is not the proper way to proceed. Instead, a person attacking a Kansas detainer must do so by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Court rules provide that a § 2241 petition must be filed upon court-provided forms. Mr. Lien does not provide sufficient facts in his complaint regarding the detainers, such as dates of his conviction(s) or charge(s) in Kansas on which the detainer(s) are based, why he failed to appear at sentencing, and when he will have served his Wyoming sentence or is likely to be released from that prior commitment. He does not even allege that two detainers have been formally lodged against him by the State of Kansas. In addition, he does not provide facts showing he has fully and properly exhausted state judicial remedies in Kansas. The § 2241 forms are designed to elicit this necessary information.

The court finds that the only claims raised by Mr. Lien in his complaint that may properly be pursued in this court are his challenges to Kansas detainer(s). As noted, these claims must be pursued in a petition under § 2241, not a complaint under § 1983. In order for this action to be treated as a § 2241 petition, and not a civil rights complaint, Mr. Lien must fill out and submit § 2241

---

In any event, the court denies his imbedded request for counsel without prejudice to him filing a proper motion after screening is completed.

7

forms and designate them as his "Amended Petition" by placing those words at the top of the front page of the form petition. The clerk of the court will be directed to send the appropriate forms to Mr. Lien. If Lien chooses not to amend his complaint to a § 2241 petition or otherwise fails to comply with the court's orders herein within the allotted time, this action may be dismissed, without prejudice, and without further notice.

The court also notes that Mr. Lien does not state why he believes the Kansas detainers are unlawful. He suggests they are having an adverse impact on his current confinement. However, that alone does not make them invalid. Moreover, he alleges no facts indicating decisions regarding his current confinement would have been more favorable but for the Kansas detainers. He alleges no facts whatsoever showing that his institutional assignments, custody classifications, or parole eligibility have been adversely and significantly impacted by either detainer. Conclusory statements, without factual allegations in support, are insufficient to state a claim for federal habeas corpus relief.

**IT IS THEREFORE ORDERED** that plaintiff's request for an injunction to stop funds to the Wyoming Department of Corrections and his imbedded request for appointment of counsel (Doc. 1) are denied.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Amend Complaint (Doc. 3) is granted to the extent that the material in the motion is added to and does not supplant the original complaint.

**IT IS FURTHER ORDERED** that within thirty (30) days plaintiff must do the following: (1) submit a certified copy of his prison

trust fund account statement for the 6-month period immediately preceding the filing of this action to support his motion to proceed without prepayment of fees as required by 28 U.S.C. 1915(a)(2); (2) show cause why his claims against all defendants who are not residents of the State of Kansas should not be dismissed for lack of personal jurisdiction and improper venue; (3) show cause why his claims against defendant Staker should not be dismissed because Staker was not acting under color of state law; and (4) fill out and submit his detainer claims on § 2241 forms naming the proper respondent and designating the forms as his "Amended Petition" by placing those words at the top of the front page of the form petition with this case number written thereon.

     The clerk is directed to transmit § 2241 forms to plaintiff.

     **IT IS SO ORDERED**.

     Dated this 1st day of October, 2009, at Topeka, Kansas.

                                          s/Sam A. Crow
                                          U. S. Senior District Judge